William J. Edgar, OSB #120136
Bill.edgar@gmlaw.com
Greenspoon Marder LLP
1211 SW 5th Ave., Suite 2850
Portland, OR 97204
P: (503) 227-2805
F: (954) 771-9264
*Attorney for Defendant*
*Cambridge Real Estate Services*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT BONDICK, | Case No. 6:20-CV-00136-MC |
| Plaintiff, | Defendant Cambridge Real Estate Services **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)** |
| v. | |
| CAMBRIDGE REAL ESTATE SERVICES, | |
| Defendant. | |

Defendant Cambridge Real Estate Services submits the following Motion to Dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's lawsuit does not arise under the Constitution, laws, or treaties of the United States as required under 28 U.S.C. §1331. Further, plaintiff's lawsuit is not based on a federal question.

**MOTION**

**A. Motion to Dismiss**

Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Furthermore, 28 U.S.C. §1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The party wishing to invoke the court's jurisdiction bears

the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Commission on the Arts,* 992 F.Supp. 876, 879 (N.D.Tex. 1998) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.,* 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied* (2002) (citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996)).

Plaintiff Robert Bondick's complaint does not raise federal question. Plaintiff's complaint identifies one cause of action "Deformation (sic) with Actual Malice".[1] Plaintiff's claim is interpreted as a claim for defamation, which is a claim arising under state law. See ORS 12.120 for statute of limitations on defamation claims. Plaintiff's complaint makes no reference to a specific federal statute or federal cause of action that raises a federal question. Instead, plaintiff cites to various statutes that do not support subject matter jurisdiction. Plaintiff also appears to attempt to raise a federal question by vaguely attempting to connect his defamation claims with his HUD housing subsidy. Plaintiff's vague reference to HUD is insufficient to raise a federal question. As stated above, by filing in the District Court, plaintiff has the burden to show this litigation is within the District Court's jurisdiction. He has failed to do so.

/ / /

/ / /

---

[1] Plaintiff's first claim for relief is recognized as a claim for defamation when the complaint is read in its entirety.

Defendant request the court dismiss plaintiff's complaint for lack of subject matter jurisdiction.

DATED this 20th day of February, 2020.

                                                      GREENSPOON MARDER, LLP.

                                        By:  s/William J. Edgar
                                               William J. Edgar, OSB #120136
                                               *Of Attorneys for Defendant*
                                               *Cambridge Real Estate Services*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true copy of the foregoing Defendant Cambridge Real Estate Services Motion to Dismiss upon the following:

    Robert Bondick
    2755 E. Lone Oak Loop
    Apt. #C
    Eugene, Oregon 97404

on the date set forth below by:

☒ mailing to said person a complete and correct copy thereof, contained in a sealed envelope, addressed as set forth above and deposited in the United States mail in Portland, Oregon, with postage thereon prepaid, on said day.

☐ telephonic facsimile communication device, at the telephone number set forth above, which device was working at the time service was made. A printed confirmation of receipt of the message generated by the transmitting machine is attached hereto.

☐ hand delivering to said attorneys a complete and correct copy thereof, contained in a sealed envelope, at the address set forth above, on said day, and leaving it with the attorneys' clerk, or person apparently in charge of the office, or in a conspicuous place therein if no one was apparently in charge of the office.

DATED: February 20, 2020

                  GREENSPOON MARDER LLP

                  By: s/William J. Edgar
                  William J. Edgar, OSB#120136
                  Of Attorneys for Defendant

Page 1 –CERTIFICATE OF SERVICE